IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| FRANCIS B. SERIEUX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil No. 2020-102 |
| ) | |
| DR. M. SMITH, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### REPORT AND RECOMMENDATION AND ORDER

This matter is before the Court on the application of pro se plaintiff Francis B. Serieux to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915(a)(1) [ECF 5], and for an initial screening of his pleading pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A. The Court finds plaintiff has properly demonstrated his inability to pay the required court costs. However, for the reasons set forth below, the Court recommends that the complaint be dismissed.

### I.   FACTUAL ALLEGATIONS

Plaintiff brings this complaint against Dr. M. Smith and Dr. Nathaniel Weekly, two emergency room physicians at the Schneider Regional Medical Center ("the hospital"), located on St. Thomas, United States Virgin Islands.[1] [ECF 1]. According to plaintiff, he was refused "service for no reason." *Id.* at 1. Plaintiff also claims that he is "disable[d] and very sick," *id.* at 3; that "Dr. Smith refuse[d] to give [him] medication," *id.*; that Dr. Smith called him a "nigger," *id.*; and that he's "suing for [] Dr. Smith not giving [him] medication & calling [him] nigger." *id.*

---

[1] Although plaintiff does not identify the hospital by name, the Court takes judicial notice that the address provided for defendants on the complaint—9048 Sugar Estate—is that of the hospital. *See* https://www.srmedicalcenter.org/about-us/welcome-to-srmc (last visited Aug. 3, 2021).

at 8.  Plaintiff claims that both doctors "tryed to kill" him.  *Id.* at 8.  Plaintiff seeks 999 "Squillion Dollars" in damages.  *Id.* at 5.

## II.     STANDARD OF REVIEW

Where a plaintiff has obtained leave to proceed *in forma pauperis*, a court must screen the complaint for cognizable claims and *sua sponte* dismiss all or any part of an action that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id*. at 327.  "A complaint is malicious when it 'duplicates allegations of another [] federal lawsuit by the same plaintiff.'"  *Daley v. United States Dist. Court*, 629 F. Supp. 2d 357, 359-60 (D. Del. 2009) (alteration in original) (quoting *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993)); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (stating "malicious" in the context of sections 1915(e) "is more usefully construed as intended to harass").

Whether a complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is governed by the same standard as Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).  Accordingly, a court must determine whether the complaint includes "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).  Finally, the remaining ground for

dismissal under § 1915, immunity of the defendants, relates to the protection the law affords some governmental entities and officials against certain types of lawsuits. 28 U.S.C. § 1915(e)(2)(B)(iii).

### III.   DISCUSSION

Federal subject matter jurisdiction is limited by statute. Most often, such jurisdiction exists in actions in which the plaintiff's claim raises a federal question or in which there is diversity of citizenship between the plaintiff and the defendant. 28 U.S.C. §§ 1331, 1332. To invoke federal question jurisdiction, the plaintiff must allege a violation of the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Jurisdiction based on diversity of citizenship requires the plaintiff to demonstrate that none of the defendants holds citizenship in the same state as the plaintiff, and that the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

Here, to the extent plaintiff claims he was discriminated against based on his race or because of a disability, he fails to satisfy the minimal pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. *See Ashcroft*, 556 U.S. at 677-78. Further, plaintiff fails to plead jurisdiction based on diversity. Therefore, the Court recommends that the complaint be dismissed.

### IV.   CONCLUSION

For the foregoing reasons, this Court RECOMMENDS that plaintiff's complaint be DISMISSED.

Any objections to this Report and Recommendation must be filed in writing within 14 days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved

*Serieux v. Smith, et al.,*
Civil No. 2020-102
Page 4

party from attacking such Report and Recommendation before the assigned District Court Judge.

28 U.S.C. § 636(b)(1); LRCi 72.3.

**Dated:**  August 5, 2021                                S_____
                                                                                      **RUTH MILLER**
                                                                                      United States Magistrate Judge